UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL NGUYEN,

          Plaintiff,

     v.

THE LOVESAC COMPANY,

          Defendant.

No. 2:24-cv-01293-TLN-JDP

**ORDER**

      This matter is before the Court on Defendant The Lovesac Company's ("Defendant") Motion to Dismiss. (ECF No. 22.) Plaintiff Michael Nguyen ("Plaintiff") filed an opposition. (ECF No. 24.) Defendant filed a reply. (ECF No. 26.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

1

I.       FACTUAL AND PROCEDURAL BACKGROUND[1]

The instant action arises out of Defendant's allegedly unlawful marketing, sales, and pricing of its sofas.  (ECF No. 18.)  Plaintiff alleges that in an effort to increase sales, Defendant engages in a pervasive marketing scheme to artificially inflate the prices of its products for the sole purpose of marking them at a discounted "sale" price.  (*Id.* at 8.)  Plaintiff further alleges that Defendant is aware that consumers typically lack material information about a product and often rely on information from sellers when making purchasing decisions, especially when a product's quality or value is difficult to discern.  (*Id.*)

Defendant manufactures, markets, sells, and distributes its flagship Sactional sofas, which it brands as "The World's Most Adaptable Couch," in stores across the United States and on its website.  (*Id.* at 2, 6, 8.)  Unlike traditional couches, every aspect and feature of the Sactional couch is customizable.  (*Id.* at 9.)  This includes the size, dimensions, cushion fill, and material of the couch.  (*Id.*)  It also includes add-ons, like storage seats, sound systems, and charging hubs. (*Id.*)  Therefore, prices can vary widely depending on any number of features that a customer selects during the purchasing process.  (*Id.*)  Plaintiff alleges this inherently results in a lack of upfront transparency regarding the cost of Defendant's products.  (*Id.*)  Plaintiff further alleges that instead of making the process more transparent, Defendant utilizes multiple methods of deceiving consumers into believing that they are receiving a bargain on the furniture they purchase from Defendant.  (*Id.*)

First, when consumers visit a Lovesac store, one of Defendant's sales representatives assists them in making a purchase.  (*Id.*)  Once a consumer navigates all of the different purchasing options, they are presented with a quote.  (*Id.*)  This quote allegedly includes a purported "discount" the customer is receiving on their purchase, which correlates with a "limited time sale" being offered by Defendant.  (*Id.*)  Similarly, Defendant allegedly utilizes a fictitious strikethrough reference price accompanied by a purported percentage off.  (*Id.*)  Next to the

---

[1]       The factual background is taken largely verbatim from Plaintiff's First Amended Complaint.  (ECF No. 18.)

2

allegedly fictitious reference price is a lower purported "sale" price.  (*Id.*)  Defendant further

warrants to consumers that their purchase received a certain "% off" of their purchase, resulting

in "-$XX" to the initial subtotal.  (*Id.*)  The representations concerning the false reference prices

are allegedly substantially the same on Defendant's e-commerce website and in all of Defendant's

brick-and-mortar stores.  (*Id.* at 10.)

Plaintiff alleges Defendant's sales tactics are not offered in good faith and are made for

the sole purpose of deceiving and inducing consumers into purchasing products they otherwise

would not have purchased.  (*Id.*)  Plaintiff further alleges Defendant never sells its products at the

advertised "discounted" or strike-through price.  (*Id.*)  This was allegedly confirmed through

online archives documenting Defendant's pricing and sale history for the three months prior to

Plaintiff's purchase date and the three months after Plaintiff's purchase date, as well as through

Defendant's pricing and sale history for the three months prior to filing the instant action.  (*Id.*)

The instant action was filed in Sacramento County Superior Court on March 22, 2024.

(ECF No. 1-1.)  Defendant removed the action to this Court on May 3, 2024.  (ECF No. 1.)

Plaintiff filed the operative First Amended Complaint ("FAC") on July 15, 2024, alleging claims

for: (1) a violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§

1750, et seq.; (2) a violation of the False Advertising Law ("FAL"), California Business &

Professions Code §§ 17500, et seq.; (3) a violation of the Unfair Competition Law ("UCL"),

California Business & Professions Code §§ 17200, et seq.; (4) fraud; and (5) unjust enrichment.

(ECF No. 18 at 12–23.)  Defendant filed the instant motion to dismiss on August 12, 2024.  (ECF

No. 22.)

## II.    STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under

Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint.

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain

"a short and plain statement of the claim showing that the pleader is entitled to relief."  *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the

complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon

1    which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

2    "This simplified notice pleading standard relies on liberal discovery rules and summary judgment

3    motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*

4    *v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

5        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

6    *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every

7    reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

8    *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

9    "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

10   relief." *Twombly*, 550 U.S. at 570.

11       Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

12   factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

13   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

14   unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

15   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

16   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

17   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

18   statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove

19   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

20   been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

21   U.S. 519, 526 (1983).

22       Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

23   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

24   *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged." *Id.* at 680.  While the plausibility requirement is not akin to a probability

27   requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

28   *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to

1    draw on its judicial experience and common sense." *Id.* at 679.

2          In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

3    thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 or

4    incorporated by reference. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.

5    1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

6    1998); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

7          If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

8    amend even if no request to amend the pleading was made, unless it determines that the pleading

9    could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

10   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

11   *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

12   denying leave to amend when amendment would be futile). Although a district court should

13   freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

14   deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

15   *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

16   *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

17         **III.   ANALYSIS**

18         Defendant argues: (1) all of Plaintiff's claims should be dismissed because they do not

19   allege with particularity any false or misleading statement;[2] and (2) Plaintiff's claim for equitable

20   relief fails for additional reasons. (ECF No. 22-1 at 11–20.) The Court will consider each of

21   Defendant's arguments in turn.

22   ///

23   ///

24

25   [2]      Defendant argues in particular: (1) Plaintiff fails to describe any alleged misrepresentation
     with particularity and instead makes only conclusory allegations; (2) Plaintiff's undated snapshots
26   do not provide the requisite factual support for his claims; and (3) Plaintiff's "investigation" is
     insufficient to establish fraudulent or unlawful conduct. (ECF No. 22-1 at 11–19.) However,
27   because the relevant legal standard — whether Plaintiff has pleaded a false or misleading
     statement with the requisite particularity under Rule 9(b) — is the same with respect to all three
28   of these arguments, the Court will consider them together.

1           A.      Whether Plaintiff Alleges a False or Misleading Statement with

2                      Particularity

3       Defendant argues Plaintiff does not plead any facts showing a false or misleading

4 representation with respect to his purchase — namely, "the [FAC] does not provide any details

5 regarding the specific features of the Sactional seats, sides, or covers that Plaintiff purchased or

6 the particulars of his purchasing experience" and Plaintiff's undated snapshots of Figures 1

7 through 4 do not provide any factual support for his claims. (*Id.* at 12, 14–15.) Defendant

8 contends that despite Plaintiff's allegations that he "reviewed the accompanying labels,

9 disclosures, warranties, and marketing materials[,]" Plaintiff does not offer specific facts

10 identifying what those materials said. (*Id.* at 12–13.) Defendant further contends Plaintiff fails to

11 allege with specificity under Rule 9(b) why or how the "discount" or "strike-through price" was

12 false or misleading, and notes the Ninth Circuit has explained that a plaintiff cannot point to a

13 reference price and claim it is false. (*Id.* at 13 (citing *Sperling v. DSWC, Inc.*, 699 F. App'x 654,

14 655 (9th Cir. 2017); *Parent v. MillerCoors LLC*, No. 3:15-cv-1204-GPC-WVG, 2016 WL

15 3348818, at *8 (S.D. Cal. June 16, 2016)).) Defendant argues Plaintiff fails to plead sufficient

16 facts regarding his counsel's "investigation" for the Court to draw a reasonable inference that

17 Sactional products are never sold at their full prices.[3] (*Id.* at 14–19.)

18       In opposition, Plaintiff asserts his UCL and FAL claims are never subject to Rule 9(b) but

19 nevertheless he sufficiently alleges his fraud claims under Rule 9(b) and sets forth allegations of

20 "who, what, when, where, and how" of the misconduct. (ECF No. 24 at 8–9 (citing *Rubenstein v.*

21 *Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017)).) Plaintiff contends

22 Defendant attempts to "sidestep" his allegations by focusing on Figures 1 through 4, but Plaintiff

23 alleges he was presented with a substantially similar quote as the example in Figure 1 and viewed

24 images substantially similar to Figures 2 through 4. (*Id.* at 11.) Plaintiff further asserts

25 Defendant fails to cite to any authority that his allegations are insufficient to support his claims

26

27     [3]      To the extent Defendant attempts to offer and/or request judicial notice of a declaration with attachments containing its historical pricing records to rebut Plaintiff's factual allegations

28 (*see* ECF No. 22-1 at 18), the Court considers such a declaration inappropriate to consider at the pleading stage and declines to address all arguments made in conjunction with this declaration.

1    and relies on case law (*Sperling* and *Parent*) concerning inapplicable pricing schemes.  (*Id.* at 10

2    (citing *Sperling*, 699 F. App'x at 655; *Parent*, 2016 WL 3348818, at *8).)  Plaintiff finally notes

3    the investigation was sufficient, reiterating general information in his FAC about the Sactional

4    product and noting it is impossible for a purchaser to buy a Sactional without triggering a

5    discount.  (*Id.* at 12 (citing ECF No. 18 ¶ 39).)

6         In reply, Defendant maintains Plaintiff does not identify the specific Sactional seats, sides,

7    or covers he purchased, nor does he identify the specific representation he relied on in making his

8    purchase.  (ECF No. 26 at 7.)  Defendant contends Plaintiff does not allege facts to support his

9    assertion each product he purchased was "never sold at full price."  (*Id.* at 9 (citing ECF No. 18 ¶

10   9).)  Defendant finally argues Plaintiff's reliance on *Rubenstein*, 687 F. App'x at 566–67, is

11   misplaced because Plaintiff does not identify the products he purchased, the advertisements he

12   saw, or any allegations that render the "discount" he received inherently misleading.  (*Id.* at 9–

13   10.)

14        "[W]hile a federal court will examine state law to determine whether the elements of fraud

15   have been [pleaded] sufficiently to state a cause of action, the Rule 9(b) requirement that the

16   *circumstances* of the fraud must be stated with particularity is a federally imposed rule."  *Vess v.*

17   *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Even "where fraud is not a

18   necessary element of a claim," a plaintiff may allege and rely entirely on "a unified course of

19   fraudulent conduct" as the basis of a claim.  *Id.*  In such cases, those claims are "grounded in

20   fraud" and must be pleaded to satisfy the particularity requirement of Rule 9(b).  *Id.*  Courts have

21   held CLRA, FAL, and UCL claims are grounded in fraud and Rule 9(b) is applicable to false

22   representation allegations in this context.  *Weiss v. Trader Joe's Co.*, No. 8:18-cv-01130-JLS-

23   GJS, 2018 WL 6340758, at *7 (C.D. Cal. Nov. 20, 2018), *aff'd sub nom.*, 838 F. App'x 302 (9th

24   Cir. 2021) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Brazil v. Dole*

25   *Food Co.*, 935 F. Supp. 2d 947, 963–64 (N.D. Cal. 2013)).  To comply with Rule 9(b), a plaintiff

26   "must allege the who, what, when, where, and how of the misconduct charged."  *Id.* (internal

27   quotations and citation omitted).  "Although elements for claims brought under the UCL, FAL,

28   and CLRA differ," in all three claims a plaintiff "must allege [d]efendants' alleged pricing

7

1   scheme with particularity." *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 823 (N.D. Cal. 2017).  A

2   plaintiff must also "allege with specificity what products they purchased, on what statements they

3   relied in making those purchases, and why those statements were false or misleading." *Id.* at 824;

4   *Sperling v. DSWC, Inc.*, 699 F. App'x 654 (9th Cir. 2017) (finding plaintiff "failed to allege

5   sufficient facts to show with particularity how or why displaying the manufacturer's suggested

6   retail price as a 'compare at' price was false or deceptive").

7        Here, the parties do not appear to dispute the who, where, and when of the misconduct

8   alleged, but rather whether Plaintiff sufficiently alleges the "why," "what," and "how" — namely,

9   whether Plaintiff sufficiently alleges with specificity the products he purchased, the statements on

10  which he relied in making the purchase, and why those statements are false and misleading.

11  *Haley*, 263 F. Supp. 3d at 823.  As will be discussed below, Plaintiff fails to establish with

12  specificity the products he purchased and the statements on which he relied in making the

13  purchase.  Accordingly, the Court declines to address why any statements are false and

14  misleading.  The Court will address the remaining elements in turn.

15            i.        *Whether Plaintiff Sufficiently Alleges the Products He Purchased*

16       Plaintiff alleges he "purchased a 'Sactional' couch from one of Defendant's brick-and-

17  mortar stores in Roseville, California . . . on or about September 2, 2022, for a 'sale' price of

18  $5,852.18, which included a purported 'discount' of $1,793.75."  (ECF No. 18 ¶ 17.)  Plaintiff

19  also concedes that "[u]nlike traditional couches, every aspect and feature of the 'Sactional' couch

20  is customizable," including "the size, dimensions, cushion fill, and material of the couch" and

21  "includes add-ons, like storage seats, sound systems, and charging hubs."  (*Id.* ¶ 32.)  Plaintiff

22  further alleges "prices can vary widely depending on any number of features that a customer

23  selects during the purchasing process."  (*Id.* ¶ 33.)  Plaintiff identifies specific products in Figures

24  1, 2, 3, and 4 of his FAC, but he appears to provide these figures by way of example and does not

25  allege that these are the products he purchased.[4]  (*Id.* at 3, 9, 10.)  From Plaintiff's allegations,

26  _____

27  [4]     Plaintiff indeed alleges that before he purchased his couch, "one of Defendant's sales
    representatives presented [him] with a quote substantially similar to the example shown in Figure
    1."  (*Id.* ¶ 17.)  Defendant correctly argues that Figures 1 through 4 do not lend factual support to

28  his claims because these images do not pertain to Plaintiff's specific purchase nor do the

1   there does not appear to be one clear Sactional couch Plaintiff could have purchased.  The Court

2   therefore finds Plaintiff's allegations fail to put Defendant on notice because he does not identify

3   what particular size, fill, material, or any of the other customizable features he purchased.

4       Regarding the arguments about Plaintiff's "investigation," Defendant is correct that

5   Plaintiff fails to specify in his FAC "what products were tracked, what the prices were on specific

6   dates, whether any individual item prices were identified or tracked, whether the investigation

7   included the specific 'Sactional' items Plaintiff purchased, or any other meaningful details about

8   the investigation."  (ECF No. 22-1 at 15–16.)  The Court finds *Lisner* persuasive.  In *Lisner v.*

9   *Sparc Group LLC*, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *1–2 (C.D. Cal. Dec.

10  29, 2021), plaintiffs alleged they completed a seven-year investigation with a "database of daily

11  prices and time-stamped screenshots" for "nearly all of the products" offered on Aeropostale's

12  website.  However, the court ultimately concluded plaintiffs failed to allege sufficient information

13  to support their fraud allegations because the complaint only identified three specific items

14  "demonstrating the alleged advertising scheme," and plaintiffs did not purchase any of those

15  items.  *Id.* at *5–6.  Similarly here, Plaintiff fails to describe the investigation and its findings

16  with particularity.  Most fatally, Plaintiff's "investigation" provides no information about the

17  specific Sactional products Plaintiff purchased, whether he relied on any of Defendant's

18  statements in making his Sactional purchase, and why those statements are false and misleading.

19  *Haley*, 263 F. Supp. 3d at 823.

20              ii.   *Whether Plaintiff Sufficiently Alleges the Statements He Relied on in*

21                    *Making the Purchase*

22      Plaintiff appears to allege there are two different sets of allegedly false statements —

23  representations about the product generally and representations about the product's price.  First,

24  for the allegations about the product, Plaintiff alleges that when he purchased his Sactional couch,

25  Plaintiff "reviewed the accompanying labels, disclosures, warranties, and marketing materials

26  (including on Defendant's website), and understood them as representation and warranties by

27  ———————————

28  screenshots provide any factual basis to infer the items are "never" sold at full prices.  (ECF No.
    22-1 at 14–15.)

9

1    Defendant that the Product was ordinarily offered at a higher price." (ECF No. 18 ¶ 17.) Plaintiff

2    fails to describe with adequate specificity the representations on which he relied, and Defendant is

3    correct that this is not enough to satisfy Rule 9(b). The Court agrees these allegations are

4    analogous to the facts the courts considered in *Kearns* and *Chase*, but not *Rubenstein*, which

5    considered a "compare to" pricing scheme.[5] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th

6    Cir. 2009) (affirming dismissal of CLRA and UCL claims under Rule 9(b) where plaintiff failed

7    to specify "what television advertisements or sales material specifically stated," "when he was

8    exposed to them or which ones he found material," and "which sales material he relied upon in

9    making his decision to buy a . . . vehicle"); *Chase v. Hobby Lobby Stores, Inc.*, No. 17-cv-00881-

10   GPC-BLM, 2017 WL 4358146, at *8 (S.D. Cal. Oct. 2, 2017) (holding plaintiff's allegations "do

11   not address with specificity the advertising at issue in the case," where plaintiff did not allege she

12   saw potentially misleading phrases on the advertisement and did not include a picture of the

13   advertisement); *cf. Rubenstein*, 687 F. App'x at 567 (noting plaintiff alleged defendant's product

14   was not sold outside the outlet store, rendering any "comparison" price inherently misleading).

15       Second, for the allegations about the product's price, Plaintiff alleges he "reviewed

16   information about the Product, including Defendant's representations that the Product was being

17   offered at a discounted 'sale' price, including but not limited to that the product was 'on sale,'

18   that there was a '% off,' that the original, and the non-sale strikethrough price of the Product was

19   higher than the advertised price." (ECF No. 18 ¶ 17.) Further, when Plaintiff reviewed the

20   product he purchased on Defendant's website, "it displayed an original, strike-through price of

21   $7,175.00, representing the same purported $1,793.75 'discount.'" (*Id.*) Plaintiff's theory is that

22   "[t]he substantial 'discount' shown to consumers making an in-store purchase is deceptive and

23   misleading because Defendant's Products are never sold at the full price represented." (*Id.* ¶ 9.)

24   _____

25   [5]      The Court acknowledges that *Sperling*, 699 F. App'x at 655, also involves a "compare at"
     pricing scheme, but agrees with Defendant that its reasoning nevertheless applies to the instant

26   case. The Ninth Circuit in *Sperling* concluded plaintiff "failed to allege sufficient facts to show
     with particularity how or why displaying the manufacturer's suggested retail price as a 'compare

27   at' price was false or deceptive. 699 F. App'x at 655. Similarly, "Plaintiff cannot simply point to
     the price of a full Sactional couch without providing any details regarding its various component

28   pricing and claim it is false or misleading." (ECF No. 26 at 9.)

1    However, Defendant cites to case law suggesting that "the price of a product can[not] constitute a

2    representation or statement about the product." (ECF No. 22-1 at 13 (citing *Parent v. Millercoors*

3    *LLC*, No. 3:15-cv-1204-GPC-WVG, 2016 WL 3348818, at *8 (S.D. Cal. June 16, 2016))).

4    Plaintiff attempts to distinguish this case by stating it concerns an "inapplicable pricing

5    scheme[]." (ECF No. 24 at 10.) However, Plaintiff does not explain why it is inapplicable.

6    Importantly, Plaintiff also fails to address the *Parent* court's citation to *Boris v. Wal-Mart Stores,*

7    *Inc.*, 35 F. Supp. 3d 1163, 1169 (C.D. Cal. 2014), "finding that the price of a migraine medication

8    did not constitute a representation or statement about the product that could support consumer

9    claims against retailer under the UCL, CLRA, or FAL." *Parent*, 2016 WL 3348818, at *8. *Boris*

10    cites to a number of California state court cases and says, in sum, "[a]ll of these cases reflect that

11    false advertising violations must be premised on some statement or representation by the

12    defendant about the product," but "neither the price of [the product] nor the red background of its

13    packaging constitutes a representation or statement about the product: the price is simply the

14    amount at which the merchant offers to sell the product, and the color of the packaging in a color,

15    not a statement about the product." 35 F. Supp. 3d at 1169–70 (citing cases). In light of this case

16    law, the Court finds pricing about the product alone cannot constitute a representation or

17    statement about the product.

18        Based on the foregoing, Plaintiff fails to sufficiently allege with specificity the products

19    he purchased and the statements on which he relied in making the purchase. *Haley*, 263 F. Supp.

20    3d at 823. However, the Court cannot determine at this juncture that "the pleading could not

21    possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly,

22    Defendant's motion to dismiss Plaintiff's CLRA, FAL, UCL, and fraud claims is GRANTED

23    with leave to amend.[6]

24    ///

25    ///

26    _____

27    [6]    Even though Defendant seeks dismissal of Plaintiff's unjust enrichment claim on the same
      basis as articulated above (*see* ECF No. 22-1 at 11), Defendant does not develop any substantive
      argument that the unjust enrichment claim should be dismissed on the same basis. Accordingly,

28    the Court will turn to its consideration of Defendant's arguments on the equitable relief claims.

B.    Whether Plaintiff's Equitable Relief Claims are Adequately Pleaded

Plaintiff seeks equitable relief in each of his five claims, and it is the only form of relief Plaintiff seeks in connection with his UCL, FAL, and unjust enrichment claims.  (ECF No. 18 ¶¶ 66 (seeking damages and injunctive relief for CLRA claim), 73–74 (seeking injunctive relief and restitution for FAL claim), 94–95 (seeking injunctive relief and restitution for UCL claim), 100–01 (seeking damages and other "equitable relief" for fraud claim), 107–08 (seeking restitution for unjust enrichment claim).)  Defendant argues Plaintiff's equitable relief claims fail because he has an adequate remedy at law, Plaintiff lacks standing to pursue injunctive relief, and Plaintiff's unjust enrichment claim fails because it is not a cause of action and is precluded by Plaintiff's purchase contract.  (ECF No. 22-1 at 20–24.)  The Court finds Plaintiff cannot establish an inadequate remedy at law and Plaintiff fails to oppose Defendant's argument as to whether he lacks standing to pursue injunctive relief.  Therefore, the Court need only address Defendant's first argument.

Defendant argues Plaintiff expressly seeks damages to remedy the fact that "he would not have purchased or paid so much for the product, had he known [Defendant's] unspecified representations were not true."  (ECF No. 22-1 at 20.)  Defendant maintains Plaintiff only offers conclusory allegations in the FAC as to why he lacks an adequate remedy at law and does not allege any facts to explain why money damages are inadequate.  (*Id.* at 21.)  Defendant asserts an alleged difference in the amounts Plaintiff may seek as damages and restitution does not make damages inadequate, Plaintiff fails to allege timing or process of obtaining a legal remedy renders it inadequate, it is irrelevant that "damages are not equally as certain as restitution," and Plaintiff does not allege any threat of future harm.  (*Id.* at 21–23.)

In opposition, Plaintiff asserts he may plead equitable relief in the alternative to his legal claims under Rule 8 and he pleads that he has no adequate remedy at law.  (ECF No. 24 at 17–18.)  Plaintiff further asserts he need only allege the lack of an adequate remedy at law at the pleading stage and the cases Defendant cites holding otherwise are distinguishable because the operative complaints in those cases did not sufficiently plead monetary damages were insufficient.  (*Id.* at 19.)

12

In reply, Defendant contends Plaintiff does not allege his equitable claims in the alternative and the case law he cites pre-dates *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022), in which the Ninth Circuit held a plaintiff asserting UCL and CLRA claims could not rely on the fact the CLRA claim was time-barred to argue it did not provide an adequate legal remedy.  (ECF No. 26 at 13–14.)

In order to seek equitable relief in the form of an injunction or restitution, a plaintiff must establish that he lacks an adequate remedy at law.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding plaintiff must establish "she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA"); *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law.").

Here, as an initial matter, Defendant is correct that Plaintiff does not plead he lacks an inadequate legal remedy at law for his CLRA and FAL claims (ECF No. 22-1 at 21 n.7) and Plaintiff does not rebut that argument in his opposition (ECF No. 24).  Consequently, Plaintiff concedes this argument.  *See Crandall v. Teamsters Loc. No. 150*, No. 2:23-CV-03043-KJM-CSK, 2024 WL 3889916, at *5 (E.D. Cal. Aug. 20, 2024) (finding plaintiff abandoned claims not raised in opposition to defendants' motion to dismiss).  Accordingly, to the extent Plaintiff seeks equitable relief in connection with his CLRA and FAL claims (ECF No. 18 ¶¶ 12, 66, 74, Prayer for Relief), Defendant's motion to dismiss Plaintiff's request for equitable relief is GRANTED without leave to amend.

Further, with respect to Plaintiff's UCL, fraud, and unjust enrichment claims, the Court finds Plaintiff's FAC fails to allege an inadequate legal remedy.  Plaintiff alleges "[t]o the extent damages are available here, damages are not equally certain as restitution because the standard that governs ordering restitution is different than the standard that governs damages," "[u]nlike damages, restitution is not limited to the amount of money defendant wrongfully acquired plus the legal rate of interest," "[l]egal claims for damages are not as equally certain as restitution because claims under the UCL and unjust enrichment entail few elements," and "Plaintiff also lacks an adequate remedy at law to prevent future harm."  (ECF No. 18 ¶¶ 95, 101, 108.)

13

1    However, Defendant is correct that an alleged difference in the amounts Plaintiff may seek as

2    damages and restitution does not make damages inadequate.  (ECF No. 22-1 at 21–22 (citing

3    *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907–08 (N.D. Cal. 2021) (dismissing claim for

4    equitable restitution and rejecting argument that plaintiff did not have "an adequate remedy

5    because damages . . . are not necessarily the same amount")).)  Further, to the extent Plaintiff

6    cites to *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937), *United States v. Bluitt*, 815 F.

7    Supp. 1314, 1317 (N.D. Cal. 1992), and *Quist v. Empire Water Co.*, 204 Cal. 646, 643 (1928) for

8    the proposition that legal remedies are inadequate because they are not as "equally prompt and in

9    other ways efficient" as equitable relief (ECF No. 18 ¶¶ 95, 101, 108), this Court agrees with the

10   *Sharma* court that "while these cases explain how timing can make a potential legal remedy

11   inadequate, they do not establish that delay inevitably suffices to do so."  *Sharma*, 524 F. Supp.

12   3d at 908 (citing cases).  The Court finds Plaintiff does not argue the process of seeking damages

13   "would create analogous complications that make that remedy inadequate."  *Id.*  Regarding

14   Plaintiff's allegations that damages are not as equally certain as restitution, courts have concluded

15   the test for equitable jurisdiction "is whether an adequate damages remedy is available, not

16   whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit."  *Mullins

17   v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23,

18   2018), *aff'd sub nom. Sonner*, 971 F.3d 834.  Finally, regarding whether Plaintiff lacks an

19   adequate remedy at law to prevent future harm, Plaintiff does not allege in the FAC any facts that

20   document a threat of future harm or continuing or imminent injury.[7]  *See Sharma*, 524 F. Supp. 3d

21   at 907–08 (concluding that while "[p]ost-*Sonner* courts have found that a plaintiff may still seek

22   injunctive relief under the UCL where damages would not protect against a future

---

[7]    Defendant also argues Plaintiff lacks standing to seek injunctive relief because he has failed to allege any risk of future harm.  (ECF No. 22-1.)  Plaintiff does not respond to this argument in his opposition.  (ECF No. 24.)  Consequently, Plaintiff concedes this argument.  *See Crandall*, 2024 WL 3889916, at *5 (finding plaintiff abandoned claims not raised in opposition to defendants' motion to dismiss).  Accordingly, to the extent Plaintiff seeks injunctive relief in connection with his CLRA, UCL, and FAL claims (ECF No. 18 ¶¶ 12, 66, 74, 94, Prayer for Relief), Defendant's motion to dismiss Plaintiff's request for injunctive relief is GRANTED without leave to amend.

14

1  harm, . . . [p]laintiffs have made no showing that they are entitled to injunctive relief as they have

2  alleged no continuing or imminent injury").

3         Based on the foregoing, Plaintiff does not allege facts to suggest damages are inadequate.

4  Accordingly, to the extent Plaintiff seeks equitable relief in connection with any of his claims,

5  Defendant's motion to dismiss Plaintiff's request for equitable relief is GRANTED without leave

6  to amend.  Although the Court recognizes that there is a liberal policy favoring amendments and

7  that leave to amend should be freely granted, the Court is not required to grant leave to amend if

8  the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *Rutman*

9  *Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  In the instant case, Plaintiff

10  cannot amend his complaint to show why legal damages are inadequate.  Even if Plaintiff

11  includes additional facts related to his loss of money, Plaintiff will not be able to state a viable

12  claim for equitable relief because it is not appropriate where an adequate legal remedy exists.

13  *Sonner*, 971 F.3d at 844.  With respect to the UCL, FAL, and unjust enrichment claims for which

14  Plaintiff only seeks equitable relief, the Court has serious doubts as to whether Plaintiff can allege

15  legal remedies.  However, out of an abundance of caution, the Court will grant leave to amend

16  with respect to the UCL, FAL, and restitution claims.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

IV.   CONCLUSION

2          For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss (ECF No.

3   22) as follows:

4          1.   Defendant's motion to dismiss Plaintiff's CLRA, FAL, UCL, fraud, and unjust

5                enrichment claims is GRANTED with leave to amend; and

6          2.   Defendant's motion to dismiss Plaintiff's request for equitable relief, including

7                injunctive relief, is GRANTED without leave to amend.

8          Plaintiff may file an amended complaint not later than thirty (30) days from the electronic

9   filing date of this Order.  Defendant shall file a responsive pleading not later than twenty-one (21)

10  days from the electronic filing date of the amended complaint.  If Plaintiff opts not to file an

11  amended complaint, Clerk of the Court shall be directed to close the case.

12         IT IS SO ORDERED.

13  Date: March 26, 2025

14

15

16                                      _____
                                        TROY L. NUNLEY
17                                      CHIEF UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

16