UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL NGUYEN,

Plaintiff,

v.

THE LOVESAC COMPANY,

Defendant.

No. 2:24-cv-01293-TLN-JDP

**ORDER**

This matter is before the Court on Defendant The Lovesac Company's ("Defendant") Motion to Dismiss. (ECF No. 35.) Plaintiff Michael Nguyen ("Plaintiff") filed an opposition. (ECF No. 36.) Defendant filed a reply. (ECF No. 40.) For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

## I. Factual and Procedural Background

The instant action arises out of Defendant's allegedly unlawful marketing, sales, and pricing of its flagship Sactional couches (the "Products"). (ECF No. 32.) The Court need not recite the factual background here, as it is set forth in full in the March 28, 2025 Order granting Defendant's first motion to dismiss. (ECF No. 31 at 2–3.) In sum, Plaintiff alleges Defendant offers perpetual "sales" and "discounted" prices, which are deceptive and misleading because Defendant's Products are never sold at the full price represented. (*See* ECF No. 32.) Plaintiff filed the operative Second Amended Complaint ("SAC") on April 18, 2025, alleging claims for: (1) a violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, et seq.; (2) a violation of the False Advertising Law ("FAL"), California Business & Professions Code §§ 17500, et seq.; (3) a violation of the Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, et seq.; (4) fraud; and (5) unjust enrichment. (*Id.* at 13–24.) Defendant filed the instant motion to dismiss on June 2, 2025. (ECF No. 35.)

## II. Standard of Law

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

"'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 or incorporated by reference. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

## III. Analysis

Defendant argues Plaintiff's five claims should be dismissed because he fails to describe with particularity any actionable misrepresentation and why any alleged misrepresentation is false or misleading.[1] (ECF No. 35-1 at 13–16.) According to Defendant, the only allegedly false or misleading statements Plaintiff identifies are that Defendant was holding a "temporary sale" for "'25% off'" and "a quote —'substantially similar to the quote shown in Figure 1'— reflecting a '25% discount' from a 'Subtotal' amount." (*Id.* at 14 (quoting ECF No. 32 ¶¶ 7, 18).) Defendant contends that because the Court already held that pricing statements alone are insufficient to constitute a representation or statement about the product, the SAC's amended allegations are similarly insufficient. (*Id.* at 14–15.) Defendant emphasizes the SAC does not explain why or how the statement about a "temporary" sale is false or misleading and the SAC fails to plead any facts to suggest the products Plaintiff purchased were never sold at full price. (*Id.* at 16.)

In opposition, Plaintiff maintains he has met his burden under Rule 9(b) as he sufficiently alleges the "what" and "how" prongs with which Defendant takes issue. (ECF No. 36 at 8–9.) Specifically, Plaintiff asserts he provides his purchase receipt — the "what." (*Id.*) Plaintiff also asserts his counsel's investigation (compiling all available historic pricing data within the

[1] Defendant also argues Plaintiff's equitable claims fail because the Court already dismissed them without leave to amend. (ECF No. 35-1 at 19–20.) In opposition, Plaintiff states that he "concedes his UCL, FAL, and unjust enrichment equitable claims." (ECF No. 36 at 6 n.1.) In light of the Court's prior Order dismissing claims for equitable relief based on these causes of action without leave to amend (ECF No. 31 at 15), Plaintiff's claims for equitable relief are again DISMISSED without leave to amend.

specified timeframe) confirms the allegations that Defendant never sells the Product at the advertised "discounted" or strike-through price — the "how." (*Id.*) Plaintiff further maintains he explicitly alleges Defendant's purported temporary sales are actually perpetual, which is why or how the statement about a "temporary" sale is false or misleading. (*Id.* at 13.)

"[W]hile a federal court will examine state law to determine whether the elements of fraud have been [pleaded] sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003), *superseded by statute on other grounds as stated in Biron v. Amara*, No. 25-CV-2526-BJR, 2026 WL 1678262 (W.D. Wash. June 10, 2026) (emphasis in original). Even "where fraud is not a necessary element of a claim," a plaintiff may allege and rely entirely on "a unified course of fraudulent conduct" as the basis of a claim. *Id.* In such cases, those claims are "grounded in fraud" and must be pleaded to satisfy the particularity requirement of Rule 9(b). *Id.* Courts have held CLRA, FAL, and UCL claims are grounded in fraud and Rule 9(b) is applicable to false representation allegations in this context. *Weiss v. Trader Joe's Co.*, No. 8:18-cv-01130-JLS-GJS, 2018 WL 6340758, at *7 (C.D. Cal. Nov. 20, 2018), *aff'd sub nom.*, *Weiss v. Trader Joe's*, 838 F. App'x 302 (9th Cir. 2021) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 963–64 (N.D. Cal. 2013)).

To comply with Rule 9(b), a plaintiff "must allege the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotations and citation omitted). "Although elements for claims brought under the UCL, FAL, and CLRA differ," in all three claims a plaintiff "must allege [d]efendants' alleged pricing scheme with particularity." *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 823 (N.D. Cal. 2017). A plaintiff must also "allege with specificity what products they purchased, on what statements they relied in making those purchases, and why those statements were false or misleading." *Id.* at 824; *Sperling v. DSWC, Inc.*, 699 F. App'x 654 (9th Cir. 2017) (finding plaintiff "failed to allege sufficient facts to show with particularity how or why displaying the manufacturer's suggested retail price as a 'compare at' price was false or deceptive").

Here, the parties do not appear to dispute the who, where, and when of the misconduct alleged, but rather whether Plaintiff sufficiently alleges the "what," "why," and "how" — namely, whether Plaintiff sufficiently alleges with specificity the products he purchased, the statements on which he relied in making the purchase, and why those statements are false and misleading. *Haley*, 263 F. Supp. 3d at 823. The Court will address each of these elements in turn.

*i. Whether Plaintiff Sufficiently Alleges the Products He Purchased*

Plaintiff alleges he "purchased a 'Sactional' couch from one of Defendant's brick-and-mortar stores in Roseville, California (the 'Product') . . . on or about September 2, 2022, for a 'sale' price of $5,852.18, which included a purported 'discount' of $1,793.75 (i.e. a '25% discount')." (ECF No. 32 ¶ 18.) Plaintiff attaches a receipt of his purchase to the SAC as Exhibit 1 (*see* ECF No. 32-1 at 2–3) and asserts he "would have received the same purported '25% discount' regardless of the individual selections . . . made for his Sactional." (ECF No. 32 at 6 n.2.) Plaintiff remedies the prior deficiencies identified in the FAC, as his allegations in the SAC now adequately put Defendant on notice. Plaintiff identifies what particular size, fill, material, and other customizable features he purchased. Based on these allegations, the Court finds Plaintiff sufficiently alleges facts regarding what products he purchased.

*ii. Whether Plaintiff Sufficiently Alleges the Statements He Relied on in Making the Purchase*

Compared to the FAC (which the Court found appeared to allege two different sets of allegedly false statements about the product generally and the product's price) (*see* ECF No. 31 at 9–10), the SAC only appears to allege representations about the product's price.[2] Plaintiff alleges "Defendant engages in a pervasive marketing scheme to artificially inflate the prices of its

---

[2] Defendant maintains "Plaintiff does not and cannot explain how attaching his receipt somehow fills the gap the Court found to be fatal under *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) and *Chase v. Hobby Lobby Stores, Inc.*, No. 17-cv-00881-GPC-BLM, 2017 WL 4358146, at *8 (S.D. Cal. Oct. 2, 2017)." (ECF No. 40 at 7 (citing ECF No. 31 at 9–10).) The Court's discussion of *Kearns*, *Chase*, and *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564, 567 (9th Cir. 2017) was with respect to the alleged representations about the product generally. (ECF No. 31 at 9–10.) As Defendant correctly notes, however, the SAC does not contain these allegations about the product generally. (*Id.*) Therefore, there are no deficiencies to fix with respect to those allegations.

Products for the sole purpose of marking them at a discounted 'sale' price." (ECF No. 32 ¶ 31.) According to Plaintiff, "Defendant utilizes a fictitious strikethrough price accompanied by a purported percentage off. Next to the fictitious reference price is a lower purported 'sale' price. Defendant further warrants to consumers that their purchase received a certain '% off' of their purchase, resulting in a '-$XX' to the initial subtotal." (*Id.* ¶ 38.) Plaintiff asserts Defendant offers "perpetual 'sales' and 'discounted' prices," "employs inflated, fictitious reference prices for the sole purpose of increasing its sales," and "engages in this deceptive practice to deceive consumers, including Plaintiff, into believing they are receiving a bargain on their purchases to induce them into making a purchase they otherwise would not have made." (*Id.* ¶¶ 2, 11.) Plaintiff alleges that when he entered the store to purchase a Sactional couch, "one of Defendant's sales representatives informed him that they were offering a 'temporary sale' on their Sactional couches for '25% off.'" (*Id.* ¶ 18.) According to Plaintiff, the sales representative "presented [him] with a quote representing the purported '25% discount' on the Sactional couch he was considering purchasing . . . and understood it as a representation and warranty by Defendant that the Product was being offered at a discounted 'sale' price of '25% off.'" (*Id.*) Based on these allegations, Plaintiff sufficiently alleges he relied on the "temporary sale" and the "25%" off statements to make his Sactional purchase.

The Court finds persuasive Plaintiff's argument that *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1169–70 (C.D. Cal. 2014) and *Parent v. Millercoors LLC*, No. 3:15-cv-1204-GPC-WVG, 2016 WL 3348818, at *8 (S.D. Cal. June 16, 2016) are distinguishable from the instant case. As Defendant notes, the Court previously relied on these cases — and Plaintiff's failure to explain why they are inapplicable — to find that pricing about the product alone cannot constitute a representation or statement about the product. (ECF No. 31 at 11.) Upon Plaintiff's further explanation, however, the Court agrees that *Boris* did not consider allegations of false strikethrough pricing or misleading representations of "sales." (ECF No. 36 at 10.) In *Boris*, "the gravamen of [p]laintiffs' case [was] that by charging more for Equate Migraine and using the color red on its packaging, Wal-Mart deceived [p]laintiffs into believing Equate Migraine was more effective than the lower-priced, green-packaged Equate ES when, in fact, both medications

contain[ed] the same active ingredients in the same doses and are therefore pharmacologically identical." 35 F. Supp. 3d at 1168. The *Boris* court ultimately dismissed plaintiffs' claims because "neither the price of Equate Migraine nor the red background of its packaging constitutes a representation or statement about the product: the price is simply the amount at which the merchant offers to sell the product[.]" *Id.* at 1169. In contrast, Plaintiff alleges an actual representation or statement about the Product — that consumers were receiving a "discount" or would save a certain amount of money because the Products are normally sold at the higher strikethrough reference price.[3] (*See* ECF No. 32 ¶¶ 6, 7 (Figure 1 displaying a purported "discount"), 9 (Figure 2 displaying purported "% off"), 10, 38 (examples of strikethrough pricing), Exhibit 1 ("discount" listed on Plaintiff's purchase receipt).) Plaintiff adequately alleges the foregoing are affirmative representations Defendant made.[4] It is a close call — but ultimately these statements are not about the actual product price — rather, they are about whether the product price has been temporarily lowered from a (previous) higher price.[5]

---

[3] Defendant asserts that "Plaintiff does not allege he was ever exposed to or relied on any strikethrough pricing or website statements[.]" (ECF No. 40 at 8.) However, the Court finds Plaintiff sufficiently alleges he relied on the statements of Defendant's sales representative, who informed him of the "temporary sale" on Sactional couches for "25% off" and who provided him with a quote substantially similar to the quote shown in Figure 1, which explicitly lists a "discount" amount. (ECF No. 32 at 3, 5–6.)

[4] The *Boris* court also noted that "[t]aken to its logical conclusion, [p]laintiffs' claim requires the judiciary to make pricing decisions, such as ruling that pharmacologically identical drugs must be the same price or may have only a limited price differential, or imposing liability for differential pricing on a necessarily unpredictable case-by-case basis." 35 F. Supp. 3d at 1171–72. There is no risk of the judiciary needing to make pricing decisions in this case, as Plaintiff is challenging the representation that the price has been lowered from a price previously charged for the same product, not comparing it to a price charged for a different one.

[5] The Court recognizes that under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *U.S. Citrus Science Council v. U.S. Dep't of Agric.*, 312 F. Supp. 3d 884, 910 n.9 (E.D. Cal. 2018). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Id.* (quoting *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (citation modified)). A court may exercise its discretion to depart from the law of the case in the following circumstances: "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *Id.* (quoting *United States*

The Court similarly agrees *Parent* is distinguishable. In *Parent*, plaintiff alleged that three advertisements "falsely represent that Blue Moon is brewed by a small, independent craft brewery, rather than the second largest brewing company in the United States," MillerCoors. 2016 WL 3348818, at *6. However, the *Parent* court concluded plaintiff failed "to point to any 'specific and measurable claim[s], capable of being proved false or of being reasonably interpreted as a statement of objective fact' made in the advertisements." *Id.* The court ultimately concluded the advertisements contained "generalized, vague, and unspecified assertions" that amounted to "mere puffery[.]" *Id.* In contrast, Plaintiff is correct that he alleges specific affirmative misrepresentations that can be proven true or false — namely, "Defendant's products were either 'on sale' or '% off'" or were not, consumers either received a "discount" and would "save X" or they did not, and the Products were either "sold at the full [strikethrough] price represented" or were not. (ECF No. 36 at 12 (citing ECF No. 31 ¶¶ 6, 7, 9, 10).)

Based on the foregoing, the Court finds Plaintiff sufficiently alleges the statements he relied on in making his Sactional purchase.

*iii. Whether Plaintiff Sufficiently Alleges the Statements are False and Misleading*

Plaintiff alleges Defendant offers "perpetual 'sales' and 'discounted' prices through both its online e-commerce store and its brick-and-mortar stores." (ECF No. 32 ¶ 2.) According to Plaintiff, "[t]he substantial 'discount' shown to consumers making an in-store purchase is deceptive and misleading because Defendant's Products are never sold at the full price represented." (*Id.* ¶ 10.) Plaintiff similarly asserts the representations on Defendant's website are false and misleading for the same reason. (*Id.*) Plaintiff alleges "false 'reference' pricing violates state and federal law" but "Defendant employs inflated, fictitious reference prices for the sole purpose of increasing its sale" and "to deceive consumers, including Plaintiff, into believing they are receiving a bargain on their purchases to induce them into making a purchase they otherwise

---

*v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)). The Court finds its prior determination regarding the applicability of the reasoning of *Boris* and *Parent* was clearly erroneous. Therefore, the Court will reconsider the same issue here.

would not have made." (*Id.* ¶ 11.) Plaintiff further maintains:

> Defendant never sells its Products at the advertised "discounted" or strike-through price. Such findings were confirmed through online archives documenting Defendant's pricing and sale history for the three months prior to Plaintiff's purchase date and the three months after Plaintiff's purchase date. Such findings were also confirmed through Defendant's pricing and sale history for the three months prior to the filing of this complaint. This was established through the investigation of counsel, as shown in Exhibit 2.

(*Id.* ¶ 41.) Indeed, Exhibit 2 appears to be a list of Defendant's historical sales for about three months before and three months after September 2, 2022, the date on which Plaintiff purchased his Sactional. (ECF No. 32-2 at 2–3.)

Based on the foregoing, the Court finds Plaintiff adequately pleads sufficient facts as to why Defendant's misrepresentations are false or misleading. Plaintiff's allegation is that the Sactional couches were perpetually "on sale" and not sold at the strikethrough price. The results of Plaintiff's counsel's investigation in Exhibit 2 support this allegation — the Sactional was listed as on sale for at least six months. Exhibit 2 also compels the plausible inference that even without specific pricing data, Sactionals were never sold at a "non-discounted price" for at least six months. At this juncture, the Court must give Plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations in the SAC, which includes Exhibit 2. *Retail Clerks Int'l Ass'n*, 373 U.S. at 753 n.6. Assuming the truth of the allegations in Exhibit 2, it is hard to read this list of sales and conclude there was a time when Sactionals were sold at a price that was previously stated to be the original price.

In its prior Order, the Court noted that Plaintiff failed to provide meaningful details in the FAC about his counsel's investigation, finding *Lisner* persuasive. (ECF No. 31 at 9 (citing *Lisner v. Sparc Group LLC*, No. 2:21-CV-05713-AB (GJSx), 2021 WL 6284158, at *1–2 (C.D. Cal. Dec. 29, 2021)).) As the Court explained in the prior Order, in *Lisner*, plaintiffs alleged they completed a seven-year investigation with a "database of daily prices and time-stamped screenshots" for "nearly all of the products" offered on Aeropostale's website. *Lisner*, 2021 WL 6284158, at *1–2. However, the court ultimately concluded plaintiffs failed to allege sufficient information to support their fraud allegations because the complaint only identified three specific

items "demonstrating the alleged advertising scheme," and plaintiffs did not purchase any of those items. *Id.* at *5–6. By contrast, Plaintiff now provides his receipt for the exact Sectional that he purchased, which identifies the particular size, fill, material, and other customizable features. The FAC contained nothing like the SAC's Exhibit 2, which is a list of discounts on the exact product Plaintiff purchased. *Lisner* is now distinguishable.[6]

Further, Defendant cites to no authority requiring Plaintiff to provide the historical prices of all the products Plaintiff purchased and the qualifying terms and conditions for the listed discounts. (ECF No. 35-1 at 17; ECF No. 40 at 10.) The Court agrees this amounts to asking Plaintiff to meet a summary judgment-like standard "through a presuit investigation and without the benefit of discovery." (ECF No. 36 at 14.) Plaintiff need not include or analyze the pricing for any individual Sectional product or combination of Sectional products in his counsel's investigation at this juncture.[7] The Court finds the list of sales in Exhibit 2, which Plaintiff

---

[6] Defendant contends *Lisner* rejected a similar argument that a "relaxed" Rule 9(b) pleading standard should apply because the defendant's pricing information was "uniquely within [the defendant's] possession." (ECF No. 40 at 13 (quoting *Lisner*, 2021 WL 6284158, at *5).) The Court finds *Lisner* distinguishable on this as point as well. The court in *Lisner* declined to apply a relaxed Rule 9(b) standard because "the FAC demonstrate[d] that not all information regarding Aeropostale's pricing practices is held exclusively by [d]efendant" and "[p]laintiff's opposition is premised upon the notion that their investigation into Aeropostale's retail stores and website is extensive and sufficient to demonstrate a nationwide fraud scheme." 2021 WL 6284158, at *5. Plaintiff in this case indeed argues "plaintiffs are not required to plead that they had conducted a pre-suit investigation — or include the results of such investigations — in every case, particularly where the information is not within the personal knowledge of the speaker." (ECF No. 36 at 14.) Nevertheless, the Court finds the allegations in the SAC meet the Rule 9(b) standard.

[7] The Court noted in its prior Order that "Plaintiff cannot simply point to the price of a full Sectional couch without providing any details regarding its various component pricing and claim it is false or misleading." (ECF No. 31 at 10.) As an initial matter, the Court notes this was part of its analysis regarding Plaintiff's allegations about the product generally, which have been dropped in the SAC. Further, the Court analogized to a "compare at" pricing scheme in *Sperling v. DSWC, Inc.*, 699 F. App'x 654 (9th Cir. 2017), in which the Ninth Circuit concluded plaintiff "failed to allege sufficient facts to show with particularity how or why displaying the manufacturer's suggested retail price as a 'compare at' price was false or deceptive." *Sperling*, 699 F. App'x at 655. *Sperling* is ultimately distinguishable on its facts, as the plaintiff "alleged that she found shoes elsewhere for a few dollars less than the 'compare at' price, [but] she did not allege when she found them, so it could well have been long after her purchase, when the passage of time could have reduced market demand for the shoes." *Id.* In contrast, Plaintiff alleges that Defendant falsely claims to be selling Sectionals at a discounted price. And, as established above, Plaintiff adequately alleges sufficient facts in the SAC to explain why the strikethrough

alleges contains all available historical pricing data for the Products within the specified time frame (ECF No. 32 at 11 n.6), is sufficient to give rise to the plausible inference that Defendant's purported "sales" are actually perpetual. Plaintiff alleges in the SAC this pricing data was confirmed through online archives. (ECF No. 32 ¶ 41.)

Plaintiff cites several cases for the proposition that his allegations are sufficient to satisfy Rule 9(b). (ECF No. 36 at 15); *see, e.g.*, *Phillips v. Brooklyn Bedding LLC*, No. 23-cv-03781-RFL, 2024 WL 2830663, at *4 (N.D. Cal. Mar. 28, 2024) (alleging "100 randomly selected screenshots of Brooklyn Bedding's website taken from 2020 to 2023 displayed a purportedly time-limited discount on its products, which suggests that Brooklyn Bedding always offers discounts off of purported regular prices"); *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 730 (N.D. Cal. 2024) ("Even under Rule 9(b), there is no reason to require Ms. Vizcarra to individually investigate and track the prices of every Michaels product (or at least the ones she purchased) when the investigation she has already conducted suggests that 'site-wide discounts of at least 20% were always available' during a two-year timeframe."); *Real v. Y.M.I. Jeanswear, Inc.*, No. EDCV 17-0870 JGB (DTBx), 2017 WL 11675686, at *5 (C.D. Cal. Sep. 1, 2017) (noting that plaintiffs "tracked ten products' prices daily over a three-month period" on defendant's website that were similar to the items plaintiffs purchased); *Dennis v. Ralph Lauren Corp.*, No. 16cv1506-WQH-BGS, 2017 WL 3732103, at *5 (S.D. Cal. Aug. 29, 2017) (denying motion to dismiss only after plaintiff included "one of the core . . . branded items" in its investigation that revealed the item "remained continuously discounted . . . at all times"). The Court agrees the list of discounts in Exhibit 2 is analogous to the fake discount allegations in these cases, which the courts indeed found sufficient under Rule 9(b). Defendant argues the plaintiffs in these cases either alleged perpetual sitewide or blanket discounts that applied to all products or they tracked the pricing on specific products they purchased, and the purchases did not include modular products sold at full price. (ECF No. 40 at 11.) The Court finds Defendant fails to adequately explain why this is a basis to distinguish these cases. If a claim as to all

---

price of the full Sactional couch, the "% off," and the allegedly perpetual "discount" on the full Sactionals are misleading.

products is sufficient under Rule 9(b), it ought to be sufficient as to specific products as well.

Based on the foregoing, the Court finds Plaintiff sufficiently alleges the statements are false and misleading.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss. (ECF No. 35.) Defendant shall file an answer within twenty-one (21) days of the electronic filing date of this Order.

IT IS SO ORDERED.

DATE: September 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE